﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190913-30259
DATE: April 30, 2020

ORDER

Waiver of recovery of an overpayment of additional Department of Veterans Affairs (VA) compensation benefits in the amount of $3,607.97 due to a retroactive removal of a dependent child for the period from July 1, 2006 through June 30, 2018 is granted. 

FINDINGS OF FACT

1. The overpayment was not due to the Veteran’s fraud, misrepresentation or bad faith.

2. Recovery of the debt in this case in the amount of $3,607.97 is against equity and good conscience.

CONCLUSION OF LAW

Recovery of the overpayment of the VA compensation benefits in the amount of $3,607.97 due to a retroactive removal of a dependent child for the period from July 1, 2006 through June 30, 2018 would be contrary to the principles of equity and good conscience. 38 U.S.C. § 5302 (2012); 38 C.F.R. §§ 1.963(a), 1.965 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served on active duty from October 1986 to October 2006. This matter is before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 administrative decision of the Department of Veterans Affairs (VA) Committee on Waivers and Compromises (Committee). 

1. Waiver of recovery of an overpayment in the amount of $3,607.97. 

The Committee did not find fraud, misrepresentation, or bad faith in this case; however, the Committee determined that the Veteran was at fault for creation of the debt and there would not be financial hardship on the Veteran if she had to repay the debt. In sum, the Committee found that it would be against the principles of equity and good conscience if the debt was not collected. Thus, the request for a waiver of the recovery of the overpayment at issue was denied. The Veteran appealed that determination. 

In cases where fraud, misrepresentation, or bad faith on the Veteran’s part with respect to the creation of the overpayment at issue has not been demonstrated, and, therefore, waiver is not precluded pursuant to 38 U.S.C. § 5302(a), the Board must determine whether recovery of the indebtedness would be against equity and good conscience, thereby permitting waiver under 38 U.S.C. § 5302(a) and 38 C.F.R. §§ 1.963(a), 1.965(a). In making this determination, consideration is given to the following elements, which are not intended to be all-inclusive: (1) fault of debtor (where actions of the debtors contribute to the creation of the debt); (2) balancing of faults (weighing fault of the debtor vs. the fault of VA); (3) undue hardship (whether collection would deprive the debtor or family of basic necessities); (4) defeat the purpose (whether withholding of benefits or recovery would nullify the objective for which benefits were intended); (5) unjust enrichment (failure to make restitution would result in unfair gain to the debtor); and (6) changing position to one’s detriment (reliance on VA benefits results in relinquishment of a valuable right or incurrence of a legal obligation). See 38 C.F.R. § 1.965(a). 

The first and second elements pertain to the fault of the debtor versus the fault of VA. After consideration of the record, the Board finds that the Veteran was primarily at fault for incurring the debt. Notably, the Veteran was notified in October 2008 that she was in receipt of additional benefits for her dependent child. See October 2008 Notification Letter. Enclosed with that letter was a VA Form 21-8764, which states, in pertinent part that she should notify the VA promptly of any change in her dependents and that monthly payments may be stopped if she failed to furnish evidence as requested. Id. In October 2016, she was sent a letter requesting that she verify the status of her dependents. See October 2016 VA Form 21-0538. In September 2017, VA attempted to contact her by phone. See September 2017 Reports of Contact. In March 2018, the Veteran was again requested to provide information on the status of her dependents. See March 2018 Subsequent Development Letter. She was subsequently provided two notices that VA would remove her dependent child from her award, retroactive to December 2006. See April 2018 Proposal to Reduce for Failure to Submit Dependency Questionnaire; June 2018 Notification Letter. Despite this, the Veteran did not provide the requested information. 

The Veteran reports that she sent in paperwork every year showing he was a dependent. See September 2019 VA Form 10182. The Board notes that the record is devoid of any of these reported notices. Accordingly, the Board cannot find that the Veteran had annually verified her dependent. To the extent that the Veteran’s statement in her September 2019 appeal is more than just legal argument and is intended to be evidence of any annual verification of dependency status, this would be improper evidence. See September 2019 VA Form 10182 (selecting direct review docket); 38 C.F.R. §§ 20.300, 20.301 (limiting the Board to reviewing evidence of record at the time of decision on appeal). 

In light of the foregoing, the Board finds that the Veteran was at fault for incurring the debt because of her repeated failure to respond to VA attempts to verify the status of her dependents. VA was not at fault because it complied with the law and gave the Veteran significantly more opportunities to provide the evidence than the law requires. 

The Board has also considered whether the Veteran would suffer undue financial hardship if forced to repay the debt at issue. The element of undue hardship includes only whether collection would deprive the Veteran and her family of basic necessities. See 38 C.F.R. § 1.965(a)(3). The Veteran’s monthly income exceeds her expenses by approximately $1700 monthly. See April 2019 Financial Status Report. Therefore, the Board cannot find that the payment of the overpayment would cause a financial hardship to the veteran. 

Although many of the enumerated elements are not in the Veteran’s favor, the Board finds that recovery would be against equity and good conscience. This is primarily because the Veteran, after the final action removing the dependent from her award, finally notified VA that the dependent remained in school until June 2018, at which point he was no longer a dependent. See April 2019 VA 21-0538 Mandatory Status of Dependents. While she did not appeal the March 2019 decision and did not timely submit this document, it does support that the dependent child remained her dependent through the entire debt period. As such, the Board finds that it would be against equity and good conscience to recover this debt on a strictly legal technicality. 

In regard to whether failure to collect would cause unjust enrichment to the debtor, the Board notes that the Veteran received benefits to which she would have been entitled had she submitted the evidence timely. As such, it would not be “unjust” for her to have those benefits. As to whether recoupment of those benefits would defeat the purpose of the benefit, the Board finds that it at would. Compensation for dependents are paid so that the Veteran may be better able to take care of their family, in acknowledgment that their service-connected disabilities have reduced their economic potential. In this case, the dependent child remained the Veteran’s dependent through the entire debt period. 

The Board finds that there is no indication in the record that reliance on the overpaid benefits resulted in the Veteran’s relinquishment of a valuable right or the incurrence of a legal obligation. 

The record does not demonstrate any additional factors which should be considered in adjudicating the Veteran’s claim for a waiver of the indebtedness, nor has the Veteran identified any such factors. After weighing all of the enumerated factors and the unenumerated considerations addressed above, the Board finds that recovery of the overpayment violates the principles of equity and good conscience. Thus, waiver of the recovery of the overpayment of the debt of $3,607.97 is warranted.

 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Lambert

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.